[No. 4820–1.   Division One.   March 20, 1978.]

JAMES ARTHUR, *Appellant,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, ET AL, *Respondents.*

*Randy Beitel* and *Lonnie Davis,* for appellant.

*Slade Gorton, Attorney General,* and *Walter E. White, Assistant,* for respondent.

JAMES, J.—This case presents a challenge to a federal regulation (45 C.F.R. § 232.10(f)), which implements a 1975 amendment to the Social Security Act of 1935 (42 U.S.C. §§ 601–10, Aid to Families With Dependent Children— AFDC). The challenge necessarily includes Washington State's Administrative Code regulation, WAC 388–24–052, which was promulgated to comply with 45 C.F.R. § 232.10.

AFDC, which was created by 42 U.S.C. §§ 601–10, is a joint federal–state program involving federal funding and state administration. A state need not participate in the program but if it does, then the state system must be

consistent with the federal legislation creating the program and the federal rules and regulations implementing it.

(Citations omitted.) *Anderson v. Morris,* 87 Wn.2d 706, 709, 558 P.2d 155 (1976). The challenged regulations require parents who seek an AFDC grant to obtain social security numbers for their minor children.

45 C.F.R. § 232.10 provides in pertinent part as follows:

> The State plan must provide that:
> (a) As a condition of eligibility, each applicant for or recipient of aid will be required:
> (1) To furnish to the State or local agency a social security account number, hereinafter referred to as the SSN (or numbers, if more than one has been issued); and
> (2) If he cannot furnish a SSN (either because such SSN has not been issued or is not known), to apply for such number through procedures adopted by the State or local agency with the Social Security Administration. If such procedures are not in effect, the applicant or recipient shall apply directly for such number, submit verification of such application, and provide the number upon its receipt.
> . . .
> (e) The State or local agency will use such account numbers, in addition to any other means of identification it may determine to employ, in the administration of the plan.
> (f) "Applicant" and *"recipient"* include the caretaker relative, *the children,* and any other individual whose needs are considered in determining the amount of assistance.

(Italics ours.)

WAC 388-24-052 provides:

> (1) As a condition of eligibility each applicant for or recipient of assistance shall be required to
> (a) Furnish a social security number for all persons included in the application, . . .
> . . .
> (4) If the applicant fails or refuses to comply with the requirement to furnish or apply for social security num-

bers for *each person included* in the application eligibility for such person(s) cannot be determined and they shall be excluded from the assistance unit.

(Italics ours.)

There is no factual dispute.

Appellant James Arthur, his wife, and two children were receiving a grant under the AFDC program. When Arthur and his family moved into the area served by the Mountlake Terrace office of the Department of Social and Health Services, that office reevaluated his eligibility and advised Arthur that his grant would be terminated unless he furnished social security numbers for his children. Arthur refused to do so and his grant was terminated.

As permitted by Washington's administrative procedures act (RCW 34.04.130), Arthur sought judicial review in Superior Court. The trial court affirmed the Department's termination of Arthur's grant. We agree.

Arthur first contends that the Social Security Act itself does not require social security numbers for dependent children and, therefore, the federal regulation which does require them is invalid. Arthur's second contention is that if the act is construed as requiring social security numbers for children, the requirement is unconstitutional in that it violates his minor children's right of privacy.

The statutory provision which the two regulations (45 C.F.R. § 232.10(f) and WAC 388-24-052) implement provides as follows:

> (a) A State plan for aid and services to needy families with children must . . . (25) provide (A) that, as a condition of eligibility under the plan, *each applicant for or recipient of* aid shall furnish to the State agency his social security account number (or numbers, if he has more than one such number), and (B) that such State agency shall utilize such account numbers, in addition to any other means of identification it may determine to employ in the administration of such plan; . . .

(Italics ours.) 42 U.S.C. § 602(a)(25).

Arthur concedes that WAC 388–24–052 is consistent with 45 C.F.R. § 232.10 and that these regulations compelled the Department of Social and Health Services to terminate his grant. He contends, however, that the fundamental question presented by his appeal "is one of statutory construction."

In summary, Arthur's first contention is that the words of the statute, "each applicant for or recipient of," refer *only* to the caretaker relative and not to the children. Arthur's argument proceeds from the basic premise that the words "each applicant for or recipient of" are ambiguous and that an analysis of the legislative history of 42 U.S.C. § 602(a)(25) supports his position that the sole legislative intent in requiring social security account numbers was to deter fathers from deserting their families and to aid in collecting child support from fathers who desert their dependent children. Arthur also argues that to construe the statute as requiring social security numbers for children "renders the statute itself internally inconsistent." We do not agree with either contention.

■ Perhaps the primary rule of statutory construction is that commonly understood words do not require construction and courts should not find ambiguity where none exists. *Snohomish v. Joslin*, 9 Wn. App. 495, 513 P.2d 293 (1973).

> In interpreting a statute the court looks first at the language of the statute, and if the language is clear and the meaning plain, the statute needs no construction and the court should neither read into it things which are not there nor amend it by construction. *State ex rel. Tarver v. Smith*, 78 Wn.2d 152, 470 P.2d 172 (1970), *cert. denied*, 402 U.S. 1000, 29 L. Ed 2d 166, 91 S. Ct. 2175 (1971).

*Allen v. Employment Security Dep't*, 83 Wn.2d 145, 148, 516 P.2d 1032 (1973).

> Where the terms of a statute are clear and unambiguous, the legislative intent must be derived therefrom, notwithstanding the intent expressed therein conflicts with

the purpose of the statute as set forth in committee reports of Congress.

(Footnote omitted.) 2A C. Sands, *Statutes and Statutory Construction* § 48.06 (4th ed. 1973).

■■ We find no ambiguity in 42 U.S.C. § 602(a)(25). When the AFDC legislation is read in its entirety, it is clear that children are "recipient[s] of aid" in the context of section 602(a)(25). We recognize that the terms "applicant for" and "recipient of" are not always clearly distinguished. But, as observed by Mr. Chief Justice Warren in *King v. Smith,* 392 U.S. 309, 313, 20 L. Ed. 2d 1118, 88 S. Ct. 2128 (1968), "[t]he category singled out for welfare assistance by AFDC is the 'dependent child,' . . ." Throughout the act are found phrases such as "aid with respect to a dependent child will be denied if a child who is the only *child receiving aid* in the family . . ." (Italics ours.) 42 U.S.C. § 602-(a)(19)(F)(ii).

We hold that by the terms of 42 U.S.C. § 602(a)(25), Arthur's children are "recipients" of aid and, as such, are required to have social security numbers.

We also hold that Arthur has not sustained the burden of establishing that the requirement of social security numbers for his minor children is a constitutionally impermissible invasion of their right of privacy. At the administrative hearing, Arthur stated that he refused to obtain social security numbers for his children because he did not want his children raised in a police state atmosphere and he anticipated his children's resentment when they became of age.

Arthur asserts that his concerns are within an area of family relationships, child rearing and education which has been judicially recognized as fundamental to and implicit in concepts of ordered liberty.

Neither party has cited an appellate court decision precisely in point, but each relies upon a federal district court opinion. In each case, the federal regulation requiring social security numbers for minor children was challenged on both statutory and constitutional grounds. The holding in

*Green v. Philbrook,* 427 F. Supp. 834 (D. Vt. 1977) supports Arthur's statutory argument and therefore does not reach the constitutional question. The holding in *Chambers v. Klein,* 419 F. Supp. 569 (D.N.J. 1976) supports the Department on both statutory and constitutional grounds.[1]

█ We agree with the reasoning in *Chambers v. Klein* that requiring social security numbers for children receiving aid does not violate any constitutionally protected right of privacy. By the enactment of the Privacy Act of 1974, Public Law 93–579, 88 Stat. 1896, the Congress has circumscribed the *use* of social security numbers. Section 7 of the Privacy Act provides:

> Sec. 7. (a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.
>
> (2) the provisions of paragraph (1) of this subsection shall not apply with respect to—
>
>> (A) any disclosure which is required by Federal statute, or
>>
>> (B) the disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.
>
> (b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

The enactment reflects congressional concern that some uses of social security numbers might violate an individual's right of privacy. But, it is the *use,* not the requirement,

---

[1]The effective holding in *Chambers v. Klein* was a denial of a petition for a preliminary injunction. The basis of the denial was that plaintiff had not shown reasonable probability of success on the merits. *Chambers v. Klein* was affirmed without opinion by the Third Circuit, United States Court of Appeals on September 6, 1977. *Chambers v. Klein,* 564 F.2d 89 (3d Cir. 1977).

that poses the threat. We believe we can properly judicially notice that the complexities of modern society justify a governmental requirement for a precise method of individual identification. A name affords neither precision nor permanence. A social security number does. We hold that 42 U.S.C. § 602(a)(25) requires the furnishing of social security numbers for Arthur's children and that the requirement does not violate their constitutional right of privacy.

Affirmed.

FARRIS, C.J., and RINGOLD, J., concur.

Petition for rehearing denied April 14, 1978.