615 F.2d 434
 Doris McELRATH, Individually and on behalf of her minor
children, Denogya and Darryl, and on behalf of all
others similarly situated, Plaintiffs-Appellants,
v.
Joseph A. CALIFANO, Jr., Secretary of Health, Education and
Welfare, and Arthur F. Quern, Director of the
Illinois Department of Public Aid,
Defendants- Appellees.
 No. 78-1849.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 21, 1979.
Decided Jan. 25, 1980.
As Amended Feb. 1, 1980.
 
 Dennis Frick (Law Student), Mandel Legal Aid Clinic, Chicago, Ill., for plaintiffs-appellants.
 Jean M. Golden, Sp. Asst. Atty. Gen., Chicago, Ill., Michael F. Hertz, Appellate Sec., Civil Div., Dept. of Justice, Washington, D. C., for defendants-appellees.
 Before PELL and BAUER, Circuit Judges, and NOLAND, District Judge.*
 BAUER, Circuit Judge.
 
 
 1
 Plaintiffs-appellants Doris McElrath, etc., et al., appeal from the order entered by the district court dismissing their complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief could be granted. Appellants' complaint challenged, inter alia, the validity of federal and state regulations requiring all members of a family, including unemployed children, to obtain and furnish social security account numbers to the Illinois Department of Public Aid as a condition of eligibility for financial assistance under the federal-state program of Aid to Families with Dependent Children. The district court held that both the federal and state regulations were consistent with and authorized by the Social Security Act, and further determined that the challenged regulations did not violate the Privacy Act of 1974 or the appellants' constitutional rights. We affirm.
 
 
 2
 * The Aid to Families with Dependent Children (AFDC) program, Title IV-A of the Social Security Act of 1935, as amended, 42 U.S.C. §§ 601 to 611, is a public assistance program of federal and state cooperation providing financial aid to needy dependent children and the parents or relatives with whom they reside. Pursuant to the Social Security Act and the AFDC program, the Secretary of Health, Education and Welfare is granted authority to approve the federal share of expenditures under state plans to dependent children and their caretaker relatives. Accordingly, states electing to participate in the AFDC program must submit for approval by the Secretary a plan which meets all requirements of the Act as set forth in 42 U.S.C. § 602(a) and the concomitant implementing federal regulations and policies. 42 U.S.C. § 602(b); 45 C.F.R. § 201.2. These requirements encompass Congressional directives as to basic eligibility criteria, including the needs, income and resources of the recipients, as well as certain operational measures designed to assure the effective and efficient administration of the AFDC program. If the proposed state plan meets all applicable federal requirements, the Secretary must approve it, and the state applicant becomes eligible for substantial federal contributions for state expenditures made under the plan. 42 U.S.C. § 602(b).
 
 
 3
 In 1974, Congress amended the Social Security Act by adding Section 402(a)(25) to the state plan requirements for the AFDC program. This section provides that:
 
 
 4
 A State plan for aid and services to needy families with children must . . . (25) provide (A) that, as a condition of eligibility under the plan, each applicant for or recipient of aid shall furnish to the State agency his social security account number (or numbers, if he has more than one such number), and (B) that such State agency shall utilize such account numbers, in addition to any other means of identification it may determine to employ in the administration of such plan.
 
 
 5
 42 U.S.C. § 602(a)(25). In connection with his duties under the Act, the Secretary promulgated a regulation which gave effect to Section 602(a)(25) of the federal statute. This regulation requires that as a condition of eligibility applicants for or recipients of aid must furnish to the appropriate state or local agency a social security account number and apply for such number if one has not been issued. 45 C.F.R. § 232.10. The regulation further defines the terms "applicant" and "recipient" to include "the caretaker relative, the children, and any other individual whose needs are considered in determining the amount of assistance." 45 C.F.R. § 232.10(f).[1] In order to comply with the requirements of the federal statute and regulations, the State of Illinois adopted a similar regulation requiring disclosure of social security account numbers as a condition of eligibility for financial assistance under the Illinois AFDC program. Illinois Department of Public Aid AFDC Man. PO-465.[2] Although the state regulations contain no express definition of the terms "applicant" or "recipient," the state authorities have utilized the definition embodied in the federal regulation. 45 C.F.R. § 232.10(f).
 
 
 6
 At the time this action was instituted, appellant Doris McElrath had two minor children and was receiving AFDC benefits in the amount of $261.00 per month. Pursuant to the 1974 amendments to the AFDC program and the applicable federal and state regulations, the Illinois Department of Public Aid (IDPA) requested Mrs. McElrath to obtain social security account numbers for her children and to disclose the numbers to the state agency. Mrs. McElrath refused to comply with this request. The IDPA then notified Mrs. McElrath that her AFDC benefits would be discontinued due to her failure to furnish the agency with social security account numbers for her minor children. Mrs. McElrath was subsequently afforded an administrative hearing by the IDPA, after which the final decision was made to terminate Mrs. McElrath's AFDC grant.
 
 
 7
 In September 1977, the McElraths filed the present action challenging the federal and state defendants' regulations that made the continued receipt of the AFDC benefits contingent upon supplying social security account numbers for all family members. The McElraths alleged that these regulations were inconsistent with and not authorized by the AFDC statute, and violated their constitutional rights to privacy and to equal protection of the law. The McElraths further alleged that the defendants violated Section 7 of the Privacy Act of 1974, 5 U.S.C. § 552a note, by requiring disclosure of social security account numbers without informing the AFDC recipients of the purpose for which the numbers were being required and by denying governmental benefits for failure to disclose their social security account numbers. Finally, the McElraths alleged that the defendants had violated 42 U.S.C. §§ 606(f) and 602(a)(10) by failing to provide protective payments of AFDC benefits to eligible children solely because a parent had refused to furnish the dependent child's social security account number.
 
 
 8
 On September 28, 1977, the district court denied the McElraths' motion for a preliminary injunction and granted the Secretary's motion for dismissal, or in the alternative, for summary judgment. The court continued the entry of judgment in favor of the Secretary until the disclosure of purpose issue under the Privacy Act was resolved.
 
 
 9
 In its Memorandum Opinion and Order, the district court recognized that the merits of the case turned on whether the terms "applicant for or recipient of aid," who were required by 42 U.S.C. § 602(a)(25) to furnish social security account numbers, included AFDC-benefitted children. The court noted that in the area of statutory construction great deference was to be accorded the interpretation given a statute by the agency charged with its administration. The court also reviewed numerous other provisions of the AFDC authorizing statute and concluded that the Secretary's determination that the term recipients included AFDC-benefitted children was reasonable. Finally, in its first opinion, the district court held that defendants had not violated Section 7(a) of the Privacy Act because the disclosure was required by federal statute, an exception to the prohibition of conditioning eligibility for governmental benefits on disclosure of social security account numbers.
 
 
 10
 In its later opinion the district court reconfirmed its holding that the defendants had not violated Section 7(a) of the Privacy Act. In this connection, the court considered plaintiff's contention that the defendants had violated Section 7(b) of the Privacy Act by failing to inform AFDC recipients of the intended use of their social security account numbers. The court regarded this failure as a mere technical violation which would be rectified by the notice the IDPA proposed to send out.[3]
 
 
 11
 Upon resolving these issues, the district court denied plaintiffs' motion for injunctive relief, and entered judgment granting the Secretary's motion to dismiss the action. From this adverse judgment, the McElraths have appealed to this Court.
 
 II
 
 12
 The appellants' principal contention on appeal is that the federal and state regulations requiring dependent children to acquire and submit social security account numbers as a condition of eligibility for AFDC benefits are statutorily invalid as being inconsistent with and not authorized by the Social Security Act. We find the arguments advanced in support of this contention to be without merit and hold that the challenged regulations constitute a legitimate condition of eligibility mandated by the Congress under the Social Security Act. Accord, Chambers v. Klein, 419 F.Supp. 569 (D.N.J.1976), aff'd mem., 564 F.2d 89 (3d Cir. 1977); Green v. Philbrook, 576 F.2d 440 (2d Cir. 1978); Arthur v. Department of Social and Health Services, 19 Wash.App. 542, 576 P.2d 921 (1978). We therefore conclude that the district court properly dismissed the appellants' statutory invalidity allegations for failure to state a claim upon which relief could be granted.
 
 
 13
 The appellants' statutory claim is predicated on the argument that the Congress, in enacting the disclosure requirement embodied in Section 602(a)(25) of the Act, intended to include only the caretaker relative within the scope of the terms "applicant" and "recipient," and that therefore the appellees have erroneously defined these terms in the regulations to include dependent children. Section 1302 of the Social Security Act empowers the Secretary of HEW to promulgate rules and regulations, "not inconsistent with" the Act, as may be necessary to the efficient administration of the duties with which he is charged under the Act. 42 U.S.C. § 1302. Accordingly, to invalidate the regulations as being not authorized by Section 1302, the appellants must demonstrate that the Secretary's definition of "applicant" and "recipient" in Section 232.10(f) of the regulations is inconsistent with the meaning of these terms as used in Section 602(a)(25) of the statute.
 
 
 14
 It is elementary that the judicial construction of a statute begin with the language itself, and that the language of a statute be construed according to its plain and ordinary meaning. In this case the statute mandates the disclosure of social security account numbers by "each applicant for and recipient of aid." The plain meaning of the phrase "recipient of aid" would seem to encompass the dependent children for whose benefit the AFDC program was established. 42 U.S.C. § 601; see, e. g., Dandridge v. Williams, 397 U.S. 471, 479, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). Thus, the relevant language of Section 602(a)(25) does not support the contention that it would be "inconsistent" for the Secretary to adopt an interpretative regulation that includes dependent children within the definition of recipient of aid. Indeed, it is inconceivable that the Congress purposely intended to exclude children from the scope of the phrase "applicant for or recipient of aid" as used in the AFDC statute. The Congress declared the purpose of the AFDC program to be to enable the states "to furnish financial assistance . . . to needy dependent children and the parents or relatives with whom they are living . . . .", 42 U.S.C. § 601, and the very title of the program as well as other language in the statute confirm that the Congress clearly intended to include dependent children within the meaning of the statutory term "recipient." That children are at the least "recipients of aid" as that phrase is used in 42 U.S.C. § 602(a)(25) is made clear from an examination of other provisions of the Act. See, e. g., 42 U.S.C. §§ 602(a)(7), (a)(8), (a)(15)(A), (a)(16), (a) (19)(F); 606(f); and 653(c)(3).
 
 
 15
 Moreover, it is well-settled that great deference should be accorded the interpretation given the statute by the officers or agency charged with its administration, Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); Old Ben Coal Corp. v. Interior Board of Mine Operations Appeals, 523 F.2d 25, 36 (7th Cir. 1975), and that the interpretation should be followed "unless there are compelling indications that it is wrong . . . ." Red Lion Broadcasting Co. v. FCC, 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969).
 
 
 16
 We fail to perceive any such indications in the regulations challenged here, and find the appellants' arguments to the contrary to be without substance. The appellants rely on 42 U.S.C. § 602(a)(26), enacted at the same time as Section 602(a)(25), to support their contention that the Congress meant to distinguish dependent children from "applicants" and "recipients." Although it is true that certain portions of Section 602(a)(26) may be directed to applicants and recipients who are caretaker relatives rather than children, this distinction does not compel the conclusion that dependent children be excluded from definition as "recipients" under Section 602(a)(25). See, e. g., Green v. Philbrook, 576 F.2d 440, 445 (2d Cir. 1978). Section 602(a)(26) mandates state plans to provide that each "applicant or recipient" be required to assign to the state any rights to support from any other person the applicant might have in his own behalf or on behalf of any family member for whom the applicant is applying. 42 U.S.C. § 602(a)(26)(A). Additionally, the applicant or recipient is required to cooperate with the state in establishing the paternity of a child born out of wedlock and in obtaining support payments. Id. § 602(a)(26)(B). However, the fact that certain responsibilities of applicants or recipients clearly contemplate action by the caretaker relatives, who are also applicants or recipients, does not make the dependent children any less the recipients of funds under the AFDC program. Indeed, the applicant-recipient responsibilities set forth in Section 602(a) (26) can be fulfilled by AFDC-supported children. Thus, a dependent child might be required to assign any rights to support he may have in his own behalf to the state, as well as to cooperate to the extent possible in establishing paternity and recovering any funds due to him directly.
 
 
 17
 Finally, we note that the Congress has determined that social security account numbers are useful to the efficient and effective administration of federal programs. See, e. g., S.Rep.No.93-1356, 93d Cong., 2d Sess., reprinted in (1974) U.S.Code Cong. & Admin.News, pp. 8133, 8152. The utilization of these identification numbers serves numerous functions in the administration of the AFDC program, including the avoidance of administrative errors due to recipients having identical names, the determination of eligibility, the verification of a dependent child's resources and entitlement to certain benefits, and the detection and prevention of fraud. Thus, in the absence of any compelling indications that the Secretary's interpretation of 42 U.S.C. § 602(a)(25) was incorrect, and in view of the fact that the regulation promotes the sound administration and legislative purposes of the AFDC statute, we conclude that the regulation is not "inconsistent" with the statute, and that it is therefore valid under 42 U.S.C. § 1302.
 
 III
 
 18
 Alternatively, the appellants contend that even if Section 602(a)(25) is construed to require AFDC-benefitted children to disclose social security account numbers, the IDPA's termination of the McElraths' AFDC grant violated the provisions of 42 U.S.C. § 606(f), which prohibits the denial of AFDC protective payments to otherwise eligible dependent children where a caretaker relative fails to cooperate with officials in obtaining child support payments for the children in their care. Thus, the appellants argue that Mrs. McElrath's refusal to furnish social security account numbers for her two children constitutes a failure to cooperate which disqualifies her for AFDC benefits, but not her children. The appellants have misconstrued the applicability of this statute to the context of this case, and their reliance on Section 606(f) is accordingly misplaced.
 
 
 19
 In addition to establishing the disclosure requirement embodied in Section 602(a)(25), the Social Service Amendments of 1974 created a "Child Support Program" requiring the states to implement procedures to identify, locate and secure financial support from missing or absent parents. As a condition of AFDC eligibility, the Congress required the parent who was living with the dependent child to cooperate with the state in accomplishing this objective. See, e. g., 42 U.S.C. §§ 602(a)(26), (a)(27); 606(f); 651 et seq. Thus, Section 606(f) of the statute authorizes the denial of AFDC payments to caretaker relatives who fail to so cooperate, but does not preclude AFDC protective payments to otherwise eligible dependent children. However, the Section 602(a)(25) requirement that applicants for or recipients of aid disclose their social security account numbers applies irrespective of whether there is a missing or nonsupporting parent involved. This disclosure requirement remains a basic condition of AFDC eligibility, and the refusal to furnish an AFDC-benefitted child's social security account number does not constitute a refusal to cooperate in securing child support payments within the meaning of 42 U.S.C. § 606(f), pursuant to which protective payments on behalf of the dependent child are authorized.
 
 IV
 
 20
 The appellants further contend that the regulations challenged in this action violate Section 7(a) of the Privacy Act of 1974, which provides that it shall be unlawful for a governmental agency to deny any right, benefit or privilege because of any individual's refusal to disclose his social security account number, unless such disclosure "is required by Federal statute." 5 U.S.C. § 552a note. Appellants premise this contention on the basis that disclosure of a dependent child's number is not required by Section 602(a)(25) of the AFDC statute, but merely by the Secretary's regulation. Since we have concluded that the statute compels disclosure of a dependent child's social security account number as a condition of eligibility for AFDC benefits, and that the regulations merely give effect to this requirement, we find that the exception applies, and therefore hold that these regulations are not violative of the Privacy Act.V
 
 
 21
 Finally, the appellants maintain that the social security account number disclosure requirement violates their constitutional rights to privacy and to equal protection of the law. We disagree. The constitutional guarantee of the right to privacy embodies only those personal rights that can be deemed "fundamental" or "implicit in the concept of ordered liberty." Roe v. Wade, 410 U.S. 113, 152, 93 S.Ct. 705, 726, 35 L.Ed.2d 147 (1973). It is equally well-settled that "(w)elfare benefits are not a fundamental right . . . ." Lavine v. Milne, 424 U.S. 577, 584, n.9, 96 S.Ct. 1010, 1015, 47 L.Ed.2d 249 (1976). Accordingly, we regard the decision of Mrs. McElrath whether or not to obtain social security account numbers for her two minor children in order to receive welfare benefits as involving neither a fundamental right nor a right implicit in the concept of ordered liberty. Chambers v. Klein, 419 F.Supp. 569, 583 (D.N.J.1976), aff'd mem. 564 F.2d 89 (3d Cir. 1977). This case is not concerned with a decision impacting the privacy of the appellants on the magnitude of criminal sanctions or an absolute prohibition on the appellants' conduct. See, e. g., Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972). Rather, it is concerned with a condition of AFDC eligibility and the only sanction for not complying is to forego certain governmental benefits. Simply stated, the claim of the appellants to receive welfare benefits on their own informational terms does not rise to the level of a constitutional guarantee. Moreover, the contention that disclosure of one's social security account number violates the right to privacy has been consistently rejected in other related contexts. See, e. g., Cantor v. Supreme Court of Pennsylvania, 353 F.Supp. 1307, 1321-22 (E.D.Pa.1973); Conant v. Hill, 326 F.Supp. 25, 26 (E.D.Va.1971).
 
 
 22
 Appellants' equal protection claims are equally without merit. Statutory classifications in the area of social welfare have been held to be consistent with the Equal Protection Clause if the classification is neither irrational nor invidious. Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); Weinberger v. Salfi, 422 U.S. 749, 771-772, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). As the federal and state appellees have demonstrated that the disclosure of AFDC-benefitted children's social security account numbers is both rationally related and essential to the effective administration of the AFDC program, and in the absence of any showing of invidious discrimination attendant to such a requirement, we conclude the district court properly held that the appellants failed to state a constitutional claim upon which relief could be granted.
 
 
 23
 We have examined the appellants' other arguments and find them to be without merit. The judgment appealed from is affirmed and the Clerk of this Court is directed to enter judgment accordingly.
 
 
 24
 Affirmed.
 
 
 
 *
 The Honorable James E. Noland, District Judge of the United States District Court for the Southern District of Indiana, is sitting by designation
 
 
 [1]
 45 C.F.R. 232.10 provides, in pertinent part:
 The state plan must provide that:
 (a) As a condition of eligibility, each applicant for or recipient of aid will be required:
 (1) To furnish to the State or local agency a social security account number, hereinafter referred to as the SSN (or numbers, if more than one has been issued); and
 (2) If he cannot furnish a SSN (either because such SSN has not been issued or is not known), to apply for such number through procedures adopted by the State or local agency with the Social Security Administration. If such procedures are not in effect, the applicant or recipient shall apply directly for such number, submit verification of such application, and provide the number upon its receipt.
 (e) The State or local agency will use such account numbers, in addition to any other means of identification it may determine to employ, in the administration of the plan.
 (f) "Applicant" and "recipient" include the caretaker relative, the children, and any other individual whose needs are considered in determining the amount of assistance.
 (g) The State or local agency shall notify the applicant or recipient that the furnishing of the SSN is a condition of eligibility for assistance required by section 402(a)(25) of the Social Security Act and that the SSN will be utilized in the administration of the AFDC program.
 
 
 [2]
 The Illinois regulation provides:
 AFDC Man. PO-465
 To be eligible for AFDC-R or AFDC-U, each applicant or recipient must furnish the Department the social security number (SSN) of each member of the assistance unit. If more than one number has been assigned to any individual(s) all numbers are to be reported.
 This eligibility requirement does not apply to MANG.
 If social security numbers cannot be furnished, either because the SSNs have not been issued or are not known, the caretaker relative must apply for SSNs.
 Assistance will not be denied, delayed or discontinued pending the issuance or verification of SSNs if the applicant or recipient indicates he will apply for SSNs.
 If the caretaker relative refuses to cooperate in furnishing the social security numbers, the needs of the caretaker relative will not be considered in determining the amount of the assistance. A protective payee need not be assigned.
 
 
 [3]
 The Illinois Department of Public Aid's Statement of Information, which is furnished to each applicant and is to be distributed on a one time basis to all AFDC recipients, provides:
 SOCIAL SECURITY NUMBERS
 Applicants and recipients are required to furnish the Department with Social Security numbers for all individuals, both adults and children, for whom AFDC money payments are requested. The furnishing of the Social Security number is a condition of each individual's eligibility required by Section 402(a)(25) of the Social Security Act. The principal purposes of this requirement are to assist the Department in identification of individuals, and verification of eligibility and income. No AFDC money payment will be provided for an individual for whom a Social Security number is not furnished (or for whom an application for Social Security number is not made).