Jane DOE, on behalf of herself, her minor child, and all others similarly situated

v.

Alexander SHARP, II, Commissioner, Massachusetts Department of Public Welfare

and

Joseph A. Califano, Secretary, United States Department of Health, Education & Welfare.

Civ. A. No. 77–1682–Z.

United States District Court, D. Massachusetts.

May 19, 1980.

T. Richard McIntosh, Legal Service for Cape Cod and Island, Inc., John A. Gresham, Hyannis, Mass., Ernest Winsor, Mass. Law Reform Institute, Michael Avery, Boston, Mass., for plaintiff.

Richard D. Glovsky, Asst. U. S. Atty., Boston, Mass., for HEW.

Thomas Miller, Asst. Atty. Gen., Boston, Mass., for Sharp.

### MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiff is a former recipient of assistance from the Massachusetts Department of Public Welfare (DPW) under Aid to Families With Dependent Children (AFDC), 42 U.S.C. §§ 601, *et seq.*, whose benefits were terminated in 1977 because of her refusal to supply DPW with the social security number (SSN) of her seven-year old daughter, also a grantee-recipient of benefits paid to plaintiff. Plaintiff challenges the requirement that recipients of DPW assistance must supply SSNs for children in applicant families as a condition of eligibility, and charges that the requirement violates the Social Security Act, 42 U.S.C. §§ 301, *et seq.*, the Privacy Act of 1974, 5 U.S.C. § 552a note, and rights secured by the United States Constitution. Jurisdiction over the federal defendant is based on 28 U.S.C. § 1331(a) and 5 U.S.C. § 552a(g)(1), and over the state defendant jurisdiction is pendent, see *15,844 Welfare Recipients v. King,* 474 F.Supp. 1374, 1380 (D.Mass.), *aff'd,* 610 F.2d 32 (1st Cir. 1979). The case is before me on defendants' motion for judgment on the pleadings or, alternatively for summary judgment.

The facts of the case are not in dispute. In January 1975, the Social Security Act, 42 U.S.C. §§ 301, *et seq.*, was amended to require state plans under AFDC to

provide (A) that, as a condition of eligibility under the plan, each applicant for or recipient of aid shall furnish to the State agency his social security account number (or numbers, if he has more than one such number), and (B) that such State agency shall utilize such account numbers, in addition to any other means of identification it may determine to employ in the

administration of such plan; 42 U.S.C. § 602(a)(25).

In regulations to implement the 1975 Amendments, defendant Department of Health, Education and Welfare (HEW) conditioned AFDC eligibility on the submission of SSNs for all grantees in the applicant family including children, 45 CFR 232.10 (1979), a requirement thereafter reflected in DPW regulations at 4 [Massachusetts] Code of Regulations ("MCR") §§ 303, *et seq.* Plaintiff's statutory and constitutional attacks upon the regulations are considered in turn.

### 1. Social Security Act

■ Plaintiff contends that the 1975 amendment to the Social Security Act, excerpted above, can apply only to applicant *parents* under AFDC, and that HEW's inclusion of other members of applicants' families in its reporting regulation exceeds the Secretary's authority under 42 U.S.C. § 1302 to implement the provisions of the Social Security Act. In support plaintiff relies upon the decision of the district court in *Green v. Philbrook*, 427 F.Supp. 834 (D.Vt.), *reversed and remanded*, 576 F.2d 440 (2d Cir. 1978).[1] Statutory claims identical to those advanced by plaintiff are addressed and persuasively rejected by the opinion in which the Court of Appeals for the Second Circuit reversed, at 576 F.2d 440, the district court opinion in *Green* upon which plaintiff relies, and by the courts' thorough discussions in *Chambers v. Klein*, 419 F.Supp. 569, 574–580 (D.N.J.) *aff'd*, 564 F.2d 89 (3d Cir. 1977) and *McElrath v. Califano*, 615 F.2d 434 (7th Cir. 1980), which also rejected similar claims. Because the usage of the term "recipient" in the context of the AFDC statute clearly contemplates grantee children, see *Green v. Philbrook, supra*, 576 F.2d at 444–5; *Chambers v. Klein, supra*, 419 F.Supp. 569, 577–8; *McElrath v. Califano, supra*, 615 F.2d at 438–440; *See also Solman v. Shapiro*, 300 F.Supp. 409, 415 (D.Conn.) (3 judge court), *aff'd*, 396 U.S. 5, 90 S.Ct. 25, 24 L.Ed.2d 5 (1969); and, further, because the Secretary's interpretation is entitled to the deference accorded to HEW as the agency charged with administration of the Social Security Act, see *Lewis v. Martin*, 397 U.S. 552, 559, 90 S.Ct. 1282, 1285–1286, 25 L.Ed.2d 561 (1970) and see *Chambers v. Klein, supra*, 419 F.Supp., at 578, and cases cited there, I conclude that plaintiff's contention with respect to 42 U.S.C. § 602(a)(25) is unavailing.

### 2. The Privacy Act

■ § 7 of the Privacy Act of 1974, Pub. L.No.93–579; 88 Stat. 1896, 1909 (*codified at 5 U.S.C. § 552a note*), provides, in part, as follows:

(a)(1) It shall be unlawful for any Federal, State, or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.

(2) the provisions of paragraph (1) of this subsection shall not apply with respect to—

(A) any disclosure which is required by Federal statute

.    .    .    .    .

(b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

Plaintiff's claim that defendants violate § 7(a)(1) succeeds only if 42 U.S.C. § 602(a)(25) does not constitute a required disclosure of an applicant's SSN. The language of the statute, however ("as a condition of eligibility   .   .   .   each applicant for or recipient of aid shall furnish  .  .")

---

1. Plaintiff also cites *Stevens v. Berger*, 428 F.Supp. 896 (E.D.N.Y.1977), in which the court did not consider, see 428 F.Supp. at 899, the constitutional or statutory claims which this plaintiff advances, concluding that assignment of an SSN would needlessly impinge upon religious beliefs held by the plaintiffs. *Cf. Callahan v. Woods*, 479 F.Supp. 621 (N.D.Cal.1979) (identical religious claims rejected). Because the instant case raises no First Amendment claims, neither *Stevens* nor *Callahan* merit further consideration.

sets forth a requirement in plain terms, and the statutory exception clearly applies. *Green v. Philbrook, supra*, 576 F.2d at 446; *Chambers v. Klein, supra*, 419 F.Supp. at 579; *McElrath v. Califano, supra*, 615 F.2d at 440; *Greater Cleveland Wel. Rights Org. v. Bauer*, 462 F.Supp. 1313, 1319 (N.D.Ohio 1978). Further, a 1976 amendment to the Social Security Act, codified at 42 U.S.C. § 405(c)(2)(C)(i), has specifically overruled the limitations imposed by § 7(a) with respect to "general public assistance" programs of a state or subdivision:

> [States may] utilize the social security account numbers issued by the Secretary for the purpose of establishing the identification of individuals affected by [general public assistance] law[s], and may require any [recipient] to furnish [the assigned SSN]. 42 U.S.C. § 405(c)(2)(C)(i). See also, H.Conf.Rep.No.94–1515 at 490–91, 94th Cong., 2d Sess. (1976), U.S.Code Cong. & Admin.News 1976, pp. 2897, 4194.[2]

Thus, where Congress in 1976 explicitly empowered social welfare agencies to require disclosure of social security numbers, notwithstanding prior law, there can be no doubt that the requirement does not offend § 7(a) of the Privacy Act of 1974.

In support of the § 7(b) claim, the complaint, at ¶ 34, alleges that plaintiff received no "explanation of the uses to which the children's SSNs will be put". Plaintiff claims that, in the wake of the DPW regulation cited above, defendant routinely began to require AFDC parents to obtain and report the SSNs of children and took no steps to inform claimants of the uses to be made of the SSNs. Defendant HEW does not deny that claim insofar as it alleges failure of notification at the time disclosure was requested.[3] Instead defendants identify a published DPW regulation, 4 MCR

§ 303.31, and answer that the regulation gives "a full and complete statement", Answer at ¶ 31, of the uses ("the SSN will be utilized in the administration of the AFDC program." 4 MCR § 303.31). In response to discovery and in its affidavits in this case, HEW amplified its explanation of the uses to which SSNs are put, describing the agency's recording and filing system and the various uses which are made of stored information. See Memorandum in Support of Federal Defendants' Motion to Dismiss or, in the Alternative for Summary Judgment, at 14.

■ Whether defendants' gradual release of information in the course of this litigation "inform[ed] [plaintiff] . . . what uses will be made of [her SSN]", sufficiently to comply with § 7(b), 5 U.S.C. § 552a note, is a troubling question. The legislative history of the Privacy Act, S–93–1183 (1974), 1974 U.S.Code Cong. and Administrative News, pp. 6916–6999, leaves little doubt that in the enactment of various disclosure requirements in the Privacy Act, Congress intended *advance* notice and disclosure to the public. The Report lists as a primary purpose of the Act that "agencies . . . give detailed notice of the nature of their personal data banks and information systems and their computer resources". *Id.*, 1974 U.S.Code Cong. and Admin.News at 6917. The Report recites the need for agencies to apprise citizens of the uses to be made of information collected, in part because—and here the legislative history quotes with approval the report of a committee commissioned by HEW itself—"[if] the SSN is to be stopped from becoming a de facto Standard Universal Identifier, the individual must have the option not to disclose his number . . .". *Id.*, U.S.Code Cong. & Admin.News 1974 at 6945.

---

**2.** In addition, 42 U.S.C. § 405(c)(2)(C) contains a provision which sets forth the scope of subparagraph (i):

> (ii) If and to the extent that any provision of Federal law heretofore enacted is inconsistent with the policy set forth in clause (i) . . . [it is] null, void, and of no effect. 42 U.S.C. § 405(c)(2)(C)(ii).

**3.** The Commonwealth defendants' answer denies the allegations that DPW failed to inform plaintiff of the uses to be made of SSNs. Like the Federal defendant, DPW does not suggest that claimants received § 7(b) information at the time of application, rather that subsequent information mooted the claim of noncompliance.

Notice to the public, and public choice to consent to, or refuse to, disclose an SSN is crucial to the principal echoed throughout the report, *see, e. g., id.,* U.S.Code Cong. & Admin.News 1974, at 6917; 6945, that the necessary protection of individual privacy requires that disclosure of information to the government be premised upon a choice informed by the knowledge of uses to be made of disclosed information. *Id.,* U.S. Code Cong. & Admin.News 1974 at 6917.

■ The disclosure demand of the Privacy Act is not fulfilled when citizens must pry required information from an agency by initiating a civil action and propounding specific interrogatories to determine what use is made of their reported SSNs. Neither does an agency redeem an initial failure to disclose by supplying citations to an unrevealing passage from an agency handbook when the agency is brought to court. Congress has relied, in part, on the acknowledgement that "the Federal Register is not always available to the average citizen . . .", *id.,* U.S.Code Cong. & Admin.News 1974, at 6973, to require various agency publications of information-gathering practices. *Id.* Because that acknowledgement is reflected as an affirmative duty in § 7(b), which requires agencies to inform an applicant of the uses to be made of SSNs, defendants' failure to notify plaintiff is a clear violation of § 7(b), and arguments for the sufficiency of defendants' various after-the-fact explanations are unavailing. HEW's conduct is the ornery attachment to enigma which the legislative history of the Privacy Act suggests that § 7(b) was designed to prevent.

While district courts have condoned failure to inform when the agency in fact made no use of SSNs, see *e. g., Chambers v. Klein, supra,* 419 F.Supp. at 580, and when an agency had during the pendency of litigation begun to inform claimants of the uses, see *McElrath v. Califano, supra,* I am aware of only one case in which a district court has confronted an agency's acknowledged undisclosed use of SSNs. *See Greater Cleveland Wel. Rights Org. v. Bauer, supra.* There, 462 F.Supp. at 1319–1320,

the court determined that prospective relief in the form of an order of future compliance with § 7(b) would provide a sufficient remedy to plaintiffs, named members of a class and a welfare rights organization. Where plaintiff in the instant case has not yet submitted the requested SSNs, and the only inkling of the defendants' uses of SSNs is contained in answers to interrogatories in this case, § 7(b) remains a practical and necessary mandate for agency compliance, and permitting defendants to proffer various explanations after the fact would evade the clear statutory promise of advance warning. "Section 7(b) requires a meaningful disclosure", *Greater Cleveland Wel. Rights Org. v. Bauer, supra,* 462 F.Supp. at 1320, and plaintiff is entitled to a statement of the uses to be made of any SSNs if they are reported. Where defendants refuse to disclose that statutorily required information in advance, their motion for summary judgment is inappropriate. With respect to the § 7(b) claim, defendants' motion is denied.

3. Constitutional Claims

■ With respect to plaintiff's constitutional claims, I am guided by the unanimous determinations of the three United States Courts of Appeal which have addressed the constitutionality of 42 U.S.C. § 602(a)(25) in light of privacy and equal protection challenges identical to those raised in the instant case with respect to AFDC children and parents, and which have unanimously rejected those claims, in thoughtful and thorough opinions. See *McElrath v. Califano,* 615 F.2d 434 (7th Cir. 1980); *Green v. Philbrook,* 576 F.2d 440 (2d Cir. 1978); *Chambers v. Klein,* 419 F.Supp. 569, *aff'd. mem.* 564 F.2d 89 (3d Cir. 1977). On that authority, defendants' motion for judgment on the pleadings with respect to the constitutional claims is allowed.

In summary, defendants' motion for summary judgment with respect to plaintiff's claim under § 7(b) of the Privacy Act of 1974, *codified at* 5 U.S.C. § 552a, note, is denied, and defendants' motions for judgment on the pleadings with respect to all other claims is allowed.