REQUESTED BY: Margaret L. Higgins, Director, Department of Motor Vehicles
1: Does the Privacy Act of 1974 prohibit the furnishing of Social Security numbers to the Selective Service?
2: Must the Department of Motor Vehicles inform individuals that their Social Security number may be furnished to the Selective Service pursuant to § 7(b) of the Privacy Act?
3: May Social Security numbers be furnished to the Selective Service pursuant to LB 300 even though there has been no prior notification to individuals?
1: No, the disclosure authorized by LB 300 which amends Neb.Rev.Stat. § 60-403 and 60-412 is permitted by § 2(b)(7) of the Federal Privacy Act.
2: Absolutely.
3: No.
DISCUSSION
 I.
Exception to Disclosure under the Federal Privacy Act. The Federal Privacy Act provides that any information regarding an individual contained in a system of records can not be disclosed by the keeper of the record without the prior written consent of the individual or a specific request for disclosure by that individual. However, there are exceptions. One of those exceptions permits release of the information if the disclosure is:
 "to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought." 5 U.S.C. § 552a § 2(b)(7).
The stated purpose of LB 300 is "to afford the Selective Service System an opportunity to notify Nebraska residents of their noncompliance with federal law. The information is to be used only by the Selective Service System and to be put to no other use." Floor Debate, LB 300, pg. 1375 (March 5, 1987). Notification of noncompliance can be construed as a law enforcement activity making disclosure of driver record information by the Department of Motor Vehicle permissible. Therefore, as long as the Selective Service System is authorized to insure compliance with the federal registration requirements and the request for information comes from the head of the agency specifying the portion of the record desired and the law enforcement activity involved, the Selective Service System is entitled to disclosure.
II. Department of Motor Vehicles Compliance with Federal Privacy Act § 7(b)
Even though the Selective Service System is entitled to an exception pursuant to § 2(b)(7), the Department of Motor Vehicles, as keeper of the records, must still comply with all other portions of the Federal Privacy Act. Section 7(b) of the Act provides:
Any Federal, State or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it. The legislative history of the Federal Privacy Act states: "this provision is intended to permit an individual to make an informed decision whether or not to disclose the social security account number, and it is intended to bring recognition to, and discourage, unnecessary or improper uses of that number." Analysis of House and Senate Compromise Amendments to the Federal Privacy Act, printed in 120 Cong. Rec. § 21, 817 (daily ed. Dec. 17, 1974) and in 120 Cong. Rec. H12, 243 (daily ed. Dec. 18, 1974).
In Doe v. Sharp, 491 F. Supp. 346 (1980) the court noted,
The legislative history of the Privacy Act, S-930-1183 (1974), 1974 U.S. Code Cong. and Administrative New, pp. 6916-6999, leaves little doubt that in the enactment of various disclosure requirements in the Privacy Act, Congress intended advance notice and disclosure to the public. Id. at 349. See e.g., Greater Cleveland Wel. Rights Org. v. Bauer, 462 F. Supp. 1313 (1978). Additionally, it has been ruled that:
The requirements of section 7(b) are not fulfilled, however, when no affirmative effort is made to disclose this information at or before the time the number is requested. . . Doyle v. Wilson, 529 F. Supp. 1343, 1350 (1982)
Because LB 300 requires the director to disclose information regarding certain individuals to the Selective Services System § 7(b) imposes an affirmative obligation on the Department of Motor Vehicles to inform those individuals of that usage. The department must also inform them that disclosure is mandatory in accordance with Neb.Rev.Stat. § 60-403.
 III.
Compliance with LB 300
The Federal Privacy Act makes disclosure of information by the Department of Motor Vehicles to the Selective Service System permissible provided all the requirements of § 2b(7) and 7(b) are fulfilled. LB 300 makes that disclosure mandatory when the information requested regards males between the ages of seventeen (17) and twenty six (26). However, LB 300 presumes compliance with the Federal Privacy Act including § 7(b).
The history of LB 300 reflects the Legislature's consideration of Federal Privacy Act implications during committee hearings as evidenced by the following:
I would indicate that a question had arisen in preparation for this bill, I think maybe from the Department of Motor Vehicles, as to whether or not there was any problem with the federal Privacy Act. I can assure you there is not. Selective Service has a federal exemption. I can provide that information to your legal counsel. I have it with me, also the federal law in this regard, the exemption in the Privacy Act, and a statement from the Legal Division in the Justice Department, and Selective Service, that there is no Privacy Act problem. So I'll share that with your counsel so the committee may have the benefit of that letter. Hearings on LB 878 before the Transportation Committee, 90th Legislature (1987) and again when amending the bill to limit the age group covered the matter of privacy arose again;
Now, we are coming to something that touches citizens right where each and everyone who would get a driver's license lives. What information about yourself do you want the state to give to the federal government without your knowledge, without your consent, without your approval? There are things about myself which are known, but there are sometimes individuals can ask me those questions and I don't answer because I choose not to answer the question, I choose not to give the information and we should not allow this society to deteriorate to the point where a citizen has to explain why he or she does not want to give information. We should look at the individual as a unit that is entitled to a certain amount of personal integrity, a certain amount of sanctity, if you will, that cannot be touched by the government unless an overwhelming, compelling reason is shown. We should not reverse that rule and say, the citizen is at the disposal of the government, I must give as argument as to why the government should not do this. Make the government justify what it is doing when it makes an encroachment or an incursion on the citizens, not the other way around. Floor Debate, on LB 300, 1475 (March 5, 1987).
It is obvious that the Legislature intended disclosure by the Department of Motor Vehicles only when in compliance with all provisions of the Federal Privacy Act. Consequently, the Department of Motor Vehicles can not disclose driver record information to the Selective Service System without advance notification to individuals in accordance with § 7(b) of the Federal Privacy Act.
Sincerely,
ROBERT M. SPIRE Attorney General
Yvonne E. Gates Assistant Attorney General