**Marc Alan GREIDINGER, Plaintiff,**

v.

**Ray H. DAVIS, et al., Defendants.**

**Civ. A. No. 91CV00476.**

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 17, 1992.

Eric Michael Page, Thorsen, Page & Marchant, Richmond, Va., for plaintiff.

Mary Sue Terry, Atty. Gen. of Virginia, Roger C. Wiley and Janice Marie Sigler, Office of the Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION

SPENCER, District Judge.

THIS MATTER is before the Court on several motions. Hereinbelow are the rulings and determinations of the Court.

### I.

Plaintiff, Marc A. Greidinger, is a resident of Stafford County, Virginia. On July 24, 1991, Plaintiff filled out a Virginia voter registration application card in the local Registrar's office in Stafford County. He omitted his social security number on the application, leaving the designated space blank. As a result of this omission, Plaintiff subsequently received a notice of denial from the General Registrar; the reason given for denying his registration was the failure of Plaintiff to furnish his social security number. Other than refusing to submit his social security number, Plaintiff is qualified to vote in Virginia.[1]

On August 22, 1991, Plaintiff filed suit in this Court against Ray Davis, the General Registrar of Stafford County,[2] and the three officers comprising Virginia's State Board of Elections: Bobby Davis, John Russ, Jr. and Michael Brown. The State Board of Elections is empowered under Va. Code § 24.1–18 *et seq.* to supervise and coordinate voting procedures throughout the state, and all local registrars are obligated by statute to implement the Board's policies and procedures.

It has been stipulated that Virginia's voter registration applications do not specify whether furnishing one's social security number is mandatory or voluntary, by what authority the number is sought, the consequences of failing to provide the num-

1. These facts have all been stipulated in the Amended Stipulation of Facts statement, Plaintiff's Brief in Support of Motion for Summary Judgment, Exhibit 1 ¶¶ 1–3.

2. Ray H. Davis has been dismissed as a defendant pursuant to a joint motion by plaintiff and defendant, Ray Davis. *See infra.*

ber and the possible uses of the number. Amended stipulation of Facts ¶ 6. The authority for requiring a citizen to furnish his/her social security number when applying to register to vote is contained in the Virginia Constitution of 1971. Va. Const. art. II, § 2.

The Virginia Code contains certain provisions which allow qualified voters [3] and politically-affiliated entities [4] to inspect and/or receive lists of registered voters. These lists contain social security numbers; the parties have stipulated that disclosing the numbers to private citizens serves no state interest. Amended Stipulation of Fact ¶ 16. The parties do stipulate, however, that Virginia does have an interest in obtaining social security numbers from registered voters. Amend.Stip.Fact ¶ 15.

Plaintiff seeks to enjoin the Defendants, and the State, from requiring social security numbers as a prerequisite to vote. He also seeks an award of attorneys' fees. In his original Complaint, Plaintiff alleged that the Virginia law requiring the disclosure of social security numbers when applying to register to vote is unconstitutional and a violation of the Federal Privacy Act of 1974, Pub.L. No. 93–579. In an amended complaint, Plaintiff added a state claim violation under the Virginia Privacy Protection Act of 1976, Va.Code of 1950, § 2.1–377 *et seq.* A Motion for Leave to File a Second Amended Complaint was also filed; in that Motion Plaintiff, Greidinger, sought to join another Party Plaintiff.[5]

As it now stands, Mr. Greidinger may not vote until he furnishes his social security number as mandated by the Virginia Constitution and the Virginia Code. Mr. Greidinger has been given the required notice, albeit late, but this Court firmly expects that if and when Mr. Greidinger, or any prospective voter, seeks to reapply to register to vote, he will receive contemporaneous disclosure of the information required under the Federal Privacy Act of 1974.

Regarding Summary Judgment Motions filed by Plaintiff and Defendants, the Court holds as follows:

## II.

■ The Court FINDS that the Defendants have violated the Federal Privacy Act of 1974, Pub.L. No. 93–579 § 7(b), 5 U.S.C. § 552a(e)(3).

While ordinarily it is unlawful for any Federal, State or local government agency to deny an individual any right or privilege because of his/her refusal to furnish a social security number, the State is excepted from this prohibition under the Privacy Act's grandfather clause. Pub.L. No. 93–579 § 7(a)(1), (2)(B).[6] Therefore, while the State may require an individual to furnish his/her social security number in order to register to vote, it is incumbent on the State to comply with section 7(b) of Pub.L. No. 93–579 which states:

Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it.

---

**3.** Va.Code § 24.1–56 allows any registered voter to inspect voter registration books.
Books are defined, *inter alia,* as registration records, lists, files. Va.Code § 24.1–1(1).

**4.** Va.Code § 24.1–23 allows political candidates and campaign organizations to procure voter registration lists for a fee. This disclosure is subject to the recipient taking an oath not to use the information for purposes other than voting. Va.Code § 24.1–23(8).

**5.** Plaintiff, Greidinger, sought to join Ruth Gregory Rouse as a Party Plaintiff. Ms. Rouse is a York County, Virginia resident and has been a registered Virginia voter since 1978.

**6.** Pub.L. No. 93–579 § 7(a)(2)(B) states that the prohibition,

shall not apply with respect to—
(B) the disclosure of a social security number to any Federal, State or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.

In the present case, the Virginia Constitution and the Virginia Code authorized such disclosure before January 1, 1975.

The Defendants argue that the Plaintiff was given the proper disclosure, and, therefore, the Plaintiff's claim is moot. The Court, however, is not persuaded by Defendants' argument for two reasons.

First, an untimely "after the fact" disclosure, which defendants made, violates the spirit of the Federal Privacy Act, even though there may be some technical merit in Defendant's argument that the statute does not expressly state when that disclosure must be made. *Doe v. Sharp*, 491 F.Supp. 346, 349 (D.Mass.1980) (quoting from 1974 *U.S.Cong. & Admin.News*, 6945 (discussing Congress's intent that an individual have an option not to disclose his/her number)). If an individual is not given the proper notice under the Federal Privacy Act in a timely manner, there is no way that a knowing choice can be made, and the Congressional intent underlying the Federal Act would be frustrated.

As to Plaintiff's claim being moot because he has been given the proper disclosure, this argument, too, must fail. A claim is not moot "where the controversy is 'capable of repetition yet evading review.'" *Storer v. Brown*, 415 U.S. 724, 737 n. 8, 94 S.Ct. 1274, 1282 n. 8, 39 L.Ed.2d 714 (1974) (citing *Rosario v. Rockefeller*, 410 U.S. 752, 756 n. 5, 93 S.Ct. 1245, 1249 n. 5, 36 L.Ed.2d 1 (1973)). If the Defendants continue to violate the statute, making only untimely disclosures to complaining parties, the statute's purpose will never be effected.

The Defendants have assured the Court that they are presently attempting to remedy any violations of the Federal Privacy Act. However, this case has been lingering for over five months since Plaintiff first claimed a violation, and the State has yet to satisfy the Court that they are in compliance.

Before the Court fashions a remedy, the Defendants are FORTHWITH ORDERED to submit a schedule so that the Court may assess Defendants' progress in curing the present Federal violations. The schedule SHALL INCLUDE a timetable setting forth SPECIFIC DATES for compliance and a summary of the measures the State intends to take to effectuate compliance, including an exemplar of any new forms or instruments which will be used to accomplish that purpose.

### III.

■ While this Court is sensitive to any constitutional violations which abridge a citizen's right to vote, it must reject Plaintiff's claim that Virginia's voter registration statutes are unconstitutional. There is no legal precedent which supports Plaintiff's argument.

The Court recognizes that the right to vote, including access to the ballot, is a fundamental right. *E.g., Yick Wo v. Hopkins*, 118 U.S. 356, 370, 6 S.Ct. 1064, 1071, 30 L.Ed. 220 (1886) (political franchise of voting regarded as a fundamental right because it preserves all other rights); *Reynolds v. Sims*, 377 U.S. 533, 561–62, 84 S.Ct. 1362, 1381, 12 L.Ed.2d 506 (1964) (right of suffrage is a fundamental matter in free and democratic society); *Harper v. Virginia Bd. of Elections*, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966) (right to vote too fundamental to be burdened or conditioned).

As such, any infringements on this fundamental right must be closely examined. *Reynolds v. Sims*, 377 U.S. at 562, 84 S.Ct. at 1381 (any alleged infringement of right to vote "must be carefully and meticulously scrutinized"); *Dunn v. Blumstein*, 405 U.S. 330, 336, 92 S.Ct. 995, 1000, 31 L.Ed.2d 274 (1972) (any voting restrictions must meet close constitutional scrutiny); *Hill v. Stone*, 421 U.S. 289, 295, 95 S.Ct. 1637, 1642, 44 L.Ed.2d 172 (1975) (any restrictions other than residence, age and citizenship must promote compelling state interest); *Hendon v. North Carolina State Bd. of Elections*, 710 F.2d 177, 180 (4th Cir. 1983) (laws conditioning right to vote must promote compelling state interest).

The Court has examined Plaintiff's argument applying strict scrutiny, and even under the strictest of standards, Virginia's voter registration laws pass constitutional muster. Under a standard of strict constitutional scrutiny, a law will be upheld only if it is necessary to promote a compelling

state interest. *Dunn v. Blumstein,* 405 U.S. at 337, 92 S.Ct. at 1000; *Illinois State Bd. of Elections v. Socialist Workers Party,* 440 U.S. 173, 184, 99 S.Ct. 983, 990, 59 L.Ed.2d 230 (1979).

The Defendants have advanced a number of legitimate state interests served by the registration laws requiring the disclosure of a potential voter's social security number. Defendants' Brief in Support of Summary Judgment at 3–4. Gathering these social security numbers eliminates voter duplication and possible fraud, helps keep track of voters who move to different localities, and assists in purging disqualified voters from voting lists. *Id.*

To be sure, a state has a compelling interest in assuring a fair and honest electoral process. *Anderson v. Celebrezze,* 460 U.S. 780, 788, 103 S.Ct. 1564, 1570, 75 L.Ed.2d 547 (1983) ("State's important regulatory interests are generally sufficient to justify reasonable, nondiscriminatory restrictions"). The United States Supreme Court has "upheld generally applicable and evenhanded restrictions that protect the integrity and reliability of the electoral process itself." *Id.* at n. 9.

Whereas the burden on the Plaintiff is minimal, the state's legitimate interest in fair and honest elections is compelling. For the above stated reasons, Plaintiff's constitutional claim is DISMISSED.

### IV.

■ Regarding Plaintiff's claim that State officials are violating Virginia's Privacy Protection Act,[7] the Eleventh Amendment bars this Court from assuming jurisdiction. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Kimble v. Solomon,* 599 F.2d 599 (4th Cir.1979).

The Defendants are all state officers, and, at the time of Plaintiff's complaint, they were acting within their statutory authority.[8] As such, the state becomes " 'the real party in interest.' " *Pennhurst,* 465 U.S. at 101, 104 S.Ct. at 908 (quoting *Ford*

*Motor Co. v. Department of Treasury of Indiana,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945)). Where relief is "sought nominally against an officer [, it] is in fact against the sovereign if the decree would operate against the latter." *Id.; accord Foremost Guar. Corp. v. Community Sav. & Loan, Inc.,* 826 F.2d 1383, 1387 (4th Cir.1987).

This is not to say that state officials enjoy absolute immunity under the Eleventh Amendment. When a state official acts "beyond the scope of his statutory authority or, if within that authority, that such authority is unconstitutional," the Eleventh Amendment does not bar suit in federal court. *Florida Dept. of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 689, 102 S.Ct. 3304, 3317, 73 L.Ed.2d 1057 (1982). Also, a state may waive its Eleventh Amendment immunity and consent to suit. *Pennhurst,* 465 U.S. at 100, 104 S.Ct. at 908; *McConnell v. Adams,* 829 F.2d 1319, 1328–29 (4th Cir.1987). The present case, however, does not fit within either exception.

The Plaintiff argues that the Defendants acted ultra vires, but the United States Supreme Court has stated that, "it is clear th⸍ ⸍ state officer may be said to act ultra ⸍⸍es only when he acts 'without any authority whatever.' " *Pennhurst,* 465 U.S. at 101 n. 11, 104 S.Ct. at 908 n. 11 (quoting *Treasure Salvors,* 458 U.S. at 697, 102 S.Ct. at 3321). In the present case, the Defendants' acts do not fit within the Supreme Court's limited definition of ultra vires acts.

For the reasons stated above, the Court DECLINES jurisdiction, and Plaintiff's state claim is DISMISSED.

### V.

■ Plaintiff has requested attorneys' fees for any actions upon which he prevails. However, the Federal Privacy Act limits any award of fees and costs to willful or intentional conduct. Pub.L. No. 93–579 § 552a(g)(4). Finding that the Plaintiff

---

7. Va.Code Ann. § 2.1–377 *et seq.*

8. Va. Const. art. II, § 2 and Va.Code §§ 24.1–19, 24.1–27.

has been given the prescribed disclosure, and that Defendants' conduct did not rise to such a willful or intentional level so as to warrant an award of attorneys' fees and expenses, Plaintiff's request for such fees and costs is DENIED.

## VI.

On January 3, 1992, Defendant Ray H. Davis moved this Court for Leave to File his Brief Out of Time. It appearing to this Court that such filing will not prejudice any parties, Defendant's motion is GRANTED.

## VII.

On December 26, 1991, Plaintiff, Marc A. Greidinger, and Defendant, Ray H. Davis, filed a Joint Motion for Dismissal requesting that Defendant, Ray H. Davis, be dismissed as a party defendant. The Parties' Joint Motion for Dismissal is GRANTED.

## VIII.

As to Plaintiff's Motion for Leave to File a Second Amended Complaint in which to join an additional party plaintiff, there can be no useful purpose served by allowing such an amendment at this late time. Plaintiff's Motion is DENIED.

## CONCLUSION

Regarding the claim that the Defendants are in violation of the Federal Privacy Act, the Court FINDS for the Plaintiff. As to the constitutional claim, the Court FINDS for Defendants. The Plaintiff's state Privacy Protection Act claim is barred by the Eleventh Amendment, and that claim is, therefore, DISMISSED. Plaintiff's request for attorneys' fees is DENIED.

Defendant's Motion to File his Brief Out of Time is GRANTED, and the Parties' Joint Motion to Dismiss Ray H. Davis as a Party Defendant is GRANTED. Plaintiff's Motion for Leave to File a Second Amended Complaint adding Ruth Gregory Rouse as a Party Plaintiff is DENIED.

And it is SO ORDERED.