Frankie L. **TAYLOR**, Plaintiff,

v.

Laura J. **MILLER**, Defendant.

No. 93–C–0524–C.

United States District Court,
W.D. Wisconsin.

May 9, 1994.

Frankie L. Taylor, pro se.

Stephen J. Nicks, Asst. Atty. Gen., Madison, WI, for Laura Miller.

### OPINION AND ORDER

CRABB, Chief Judge.

This is a civil action for injunctive and monetary relief. Plaintiff contends that defendant, a probation officer, disclosed portions of his criminal case history file to plaintiff's girlfriend and her mother in violation of plaintiff's constitutional right to privacy.

Now before the court is defendant's motion for summary judgment. Defendant contends that no genuine issue for trial exists because plaintiff cannot have a constitutionally protected privacy interest in his criminal case history since it is a matter of public record. I agree with defendant and will grant defendant's motion for summary judgment.

To prevail on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Indiana Grocery, Inc. v. Super Valu Stores, Inc.,* 864 F.2d 1409, 1412 (7th Cir.1989). When the moving party succeeds in showing the absence of a genuine issue as to any material fact, the opposing party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Bank Leumi Le–Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir.1991). The opposing party cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish the existence of a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at

2553. Also, if a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment for the opposing party is proper. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

For the purpose only of deciding the motion for summary judgment, I find from the parties' proposed findings of fact and the record that the following material facts are undisputed.

## UNDISPUTED FACTS

At all times relevant to this matter, plaintiff Frankie L. Taylor was an incarcerated probationer sentenced to the custody of the Wisconsin Department of Corrections. Defendant Laura J. Miller was assigned as plaintiff's probation officer. On or about December 29, 1992, defendant received a telephone call from Deputy Jegerlehner of the Rock County Sheriff's Department informing her that plaintiff had assaulted his girlfriend, Refugia Slone. As part of defendant's effort to revoke plaintiff's probation, defendant went to Ms. Slone's residence on January 20, 1993 to interview her and request that she testify at plaintiff's probation revocation hearing. Ms. Slone's mother was present at this interview. During this interview, defendant asked Ms. Slone whether she was aware of plaintiff's past criminal history. Ms. Slone indicated that she was not. Defendant told Ms. Slone about all the violations for which plaintiff had been arrested in the past and the felony convictions for which he had served prison time. Defendant also showed Ms. Slone a copy of documentation she had received from the Rock County Clerk of Court's office showing plaintiff's past violations and convictions. All of the information plaintiff disclosed to Ms. Slone regarding plaintiff's criminal history is a part of the public record.

## OPINION

The question presented by this case is whether defendant's disclosure of plaintiff's criminal history constituted an unwarranted invasion of his right to privacy under the Constitution. The constitutional right to privacy extends to the individual's interest in avoiding disclosure of personal matters. *Whalen v. Roe*, 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977). A two-pronged test is used to determine whether a person has a constitutionally protected privacy interest in avoiding disclosure of personal matters. First, the court must decide whether the person has a reasonable expectation of privacy in that information. *Kimberlin v. United States Department of Justice*, 788 F.2d 434 (7th Cir.1986), *cert. denied*, 478 U.S. 1009, 106 S.Ct. 3306, 92 L.Ed.2d 719 (1986). If the court determines the person had a reasonable expectation of privacy, the court must balance that privacy interest against the government's interest in disclosure. *Plante v. Gonzalez*, 575 F.2d 1119, 1132–37 (5th Cir.1978), *cert. denied*, 439 U.S. 1129, 99 S.Ct. 1047, 59 L.Ed.2d 90 (1979). If the government's interest is deemed greater than the individual's privacy interest, the intrusion on the individual's privacy right is constitutional.

In a handful of cases, courts have evaluated an individual's reasonable expectation of privacy with regard to his or her past criminal activity. In *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989), a CBS news correspondent asked the FBI to disclose that portion of a criminal "rap sheet" of an individual which contained matters of the public record. When the FBI refused, the CBS news correspondent sued under the Freedom of Information Act. The United States Supreme Court held that under FOIA, the disclosure would reasonably be expected to constitute an unwarranted invasion of personal privacy even though the events summarized in the rap sheet had been disclosed previously to the public. The Court reasoned that the common law and literal understandings of privacy recognize an individual's privacy interest in the control of information concerning his or her person. *Id.* at 763, 109 S.Ct. at 1476–77. Furthermore, the Court determined, "the web of federal statutory and regulatory provisions" indicated Congress's intent to limit the disclosure of rap sheet information and other compiled computerized records regarding private citizens. *Id.* at

764–67, 109 S.Ct. at 1477–79. The Court noted that although the information sought from the rap sheet was a matter of the public record, the information was not freely available and could be obtained only through an exhaustive search of courthouse files, county archives and local police stations throughout the country. *Id.* at 764, 109 S.Ct. at 1477. The Court emphasized that 47 states limit the availability and dissemination of an individual's rap sheet to the public, providing evidence that the law enforcement profession assumes that individuals have significant privacy interests in their criminal histories. Wisconsin is one of only three states that makes criminal history summaries publicly available. *Id.* at 753, 767, 109 S.Ct. at 1471–72, 1478–79.

*Reporters Committee* established that some information that is a matter of public record may be protected under the personal privacy exemptions of FOIA. Plaintiff asserts that this information is also protected under his constitutional right to privacy. I must determine whether the privacy protections under the Constitution are different from those under FOIA. I believe that they are. In *Reporters Committee,* the Court noted explicitly that the question whether an individual's interest in privacy is protected by the Constitution is not the same question as the question of the statutory meaning of privacy under the FOIA or the question whether a tort action might lie for invasion of privacy. Since the decision in *Reporters Committee,* at least two cases have held that individuals do not have a constitutional right to disclosural privacy in their criminal records when this information is or easily could have become a matter of public record.

In *Scheetz v. The Morning Call, Inc.,* 946 F.2d 202 (3d Cir.1991), for example, Mr. and Mrs. Scheetz contended that a local newspaper, reporter and unnamed state actor deprived them of their constitutional right to privacy by publishing newspaper stories based on information contained in a police report concerning the wife's allegations of spousal abuse. The court of appeals held that information contained in a police report is not constitutionally protected, and that Mrs. Scheetz could not reasonably expect the

information to remain private. After she had contacted the police and a police report had been made, police could have brought charges against her husband without her concurrence, at which time the information in the police report would have become part of the public record. *Id.* at 207. Furthermore, the face sheet of the police report, similar to a police blotter, was a public record under Pennsylvania's Right to Know Law.

In *Puricelli v. Borough of Morrisville,* 820 F.Supp. 908 (E.D.Pa.1993), plaintiff contended that defendants violated his constitutional right to privacy when they disclosed information about his criminal history to each other, the grand jury and other community members. The district court held that plaintiff's criminal history was a public record and that plaintiff had no constitutional privacy protection for the information. *Id.* at 917–18.

■ Although the United States Supreme Court has recognized that the Constitution provides a right to privacy in avoiding the disclosure of personal matters, it has never found a violation of this right to disclosural privacy. *Whalen,* 429 U.S. at 598–99 & n. 25; *Nixon v. Administrator of Gen. Servs.,* 433 U.S. 425, 457–59, 465, 97 S.Ct. 2777, 2797–98, 2801, 53 L.Ed.2d 867 (1977). I do not believe the constitutional right to privacy extends to the disclosure of matters of public record. The United States Supreme Court has recognized that constitutionally protected privacy rights are those "fundamental" or "implicit in the concept of an ordered society." *Roe v. Wade,* 410 U.S. 113, 152–53, 93 S.Ct. 705, ——, 35 L.Ed.2d 147 (1973). Examples of such fundamental privacy rights are matters involving marriage, procreation, contraception, family relationships, obscene material in the home, child rearing and education. No court has found that an individual has a fundamental privacy right in information that is a matter of the public record. In *Scheetz* and *Puricelli,* the courts relied on the fact that the criminal history information purportedly protected by a privacy interest was or could have been a matter of public record in concluding that no reasonable expectation to privacy existed. *See also Walls v. City of Petersburg,* 895 F.2d 188, 193–194 (4th Cir. 1990) (constitutional right to privacy is not

violated where individual is required to disclose information freely available in public records); *Trade Waste Management Ass'n Inc. v. Hughey,* 780 F.2d 221, 234 (3d Cir. 1985) (records of criminal convictions and pending criminal charges are public by definition). Insofar as the privacy exemption grants a right to privacy in matters of the public record, I find that it is broader in FOIA than under the Constitution. Plaintiff does not have a constitutionally protected privacy interest in his criminal record, which in Wisconsin is a matter of public record. Accordingly, I find that no genuine issue of material fact exists in this lawsuit. Defendant is entitled to judgment.

## ORDER

IT IS ORDERED that defendant's motion for summary judgment is GRANTED. The Clerk of Court is directed to close this case and enter judgment for defendant Laura J. Miller.