Robert E. TALIAFERRO, Jr., Plaintiffs,

v.

Dr. Chiara DiFRANCESCO, Donald Gudmanson, Judy Smith, Dr. Ken Lerner, Ken Sondalle, and Patrick Fiedler, Defendants.

No. 93–C–528.

United States District Court,
E.D. Wisconsin.

Dec. 22, 1994.

Robert E. Taliaferro, Jr., plaintiff pro se.

Stephen J. Nicks, Wisconsin Dept. of Justice, Office of the Atty. Gen., Madison, WI, for defendants.

## DECISION AND ORDER

RANDA, District Judge.

This matter comes before the Court on the parties' cross motions for summary judgment. Plaintiff Robert E. Taliaferro ("plaintiff"), an inmate at Oshkosh Correctional Institute, alleges that his constitutional "right of privacy" was violated when, during a Domestic Violence Treatment program, information from his presentence report was read aloud. For the reasons set forth below, defendants' motion for summary judgment is granted.

## ANALYSIS

The Court granted plaintiff's request to proceed *in forma pauperis* concluding that it was "not prepared to say at this stage that no arguable violations of plaintiff's civil rights have occurred." (Order of 3/3/94). After review of the respective briefs and applicable case law, it is now clear that the defendants did not violate any cognizable constitutional right of the plaintiff.[1]

■ It is undisputed that defendant DiFrancesco, a clinical Services Supervisor read from portions of plaintiff's pre-sentence report ("PSI") during a group therapy session. (defendants' Proposed Finding of Fact Nos. 6, 7). While both the plaintiff and the defendants discuss at some length the Wisconsin statutes and whether disclosure of a PSI is permissible thereunder, that emphasis is misplaced. *Pesce v. J. Sterling Morton High Sch.*, 830 F.2d 789, 795 (7th Cir.1987) ("[I]ssues of state law certainly could arise in

1. The essential facts are undisputed.

a federal substantive due process analysis, but [a plaintiff] cannot claim any section 1983 violation based solely on an alleged violation of state privacy rights.") Plaintiff has alleged a violation of *federal civil rights* and sued the defendants under 42 U.S.C. § 1983. Accordingly, the threshold question before the Court is whether the plaintiff enjoys a federal constitutional right of privacy that was violated when allegedly private information was disclosed by state officials. Because the Court concludes that no such right exists, plaintiff's complaint must be dismissed.

The defendants rely on a recent opinion authored by Chief Judge Barbara Crabb of the Western District of Wisconsin. *Taylor v. Miller,* 853 F.Supp. 305 (W.D.Wis.1994) (Crabb, C.J.). In *Taylor,* a pro se plaintiff alleged that the disclosure of his criminal history file to his girlfriend and her mother violated his constitutional right to privacy. Chief Judge Crabb, after examining the relatively undeveloped "right to not have private information made public," concluded that plaintiff's criminal record, under Wisconsin law, was a matter of public record and therefore no privacy right was implicated by its disclosure. *Taylor* at 307–308 ("I do not believe the constitutional right to privacy extends to the disclosure of *matters of public record.*") (emphasis added).

The defendants have argued that Wis. Stats. § 972.15(5)(b) permits the disclosure of PSI information for purposes of "correctional programming" and "care and treatment," and that therefore, the information is sufficiently *public.* Accordingly, the defendants argue that *Taylor* disposes of plaintiff's claim. While *Taylor* appears to be on all fours with the case at bar, the Court declines to follow it because it assumes a general constitutional right of "confidentiality" in matters "outside the family-related areas."

Almost every "confidentiality" privacy case begins with an analysis of the Supreme Court opinions in *Whalen v. Roe,* 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977) and *Nixon v. Administrator of General Services,* 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977). In *Whalen,* the Supreme Court stated that the Fourteenth Amendment privacy right protects two different kinds of interest: "the individual interest in avoiding disclosure of personal matters, and . . . the interest in independence in making certain kinds of important decisions." *Id.* 429 U.S. at 599, 97 S.Ct. at 599–600.[2] These two interests have been characterized as the "confidentiality" and "autonomy" strands of the privacy right. *Shields v. Burge,* 874 F.2d 1201, 1211 (7th Cir.1989), citing *Plante v. Gonzalez,* 575 F.2d 1119, 1128 (5th Cir.1978). However, *Whalen* specifically declined "to decide any question which might be presented by the unwarranted disclosure of accumulated private data whether intentional or unintentional." *Id.* 429 U.S. at 605–606, 97 S.Ct. at 879.

While many cases cite *Nixon* as the source for a "balancing test" applicable to "confidentiality" privacy claims, there is an almost uniform failure to first identify the nature of the privacy interest at stake. An exception is *J.P. v. DeSanti,* 653 F.2d 1080 (6th Cir. 1981). In *DeSanti,* the Sixth Circuit undertook a thorough analysis of Supreme Court precedent and declined to expand the "right to confidentiality in personal information outside the family-related areas established in the Supreme Court's cases." *Shields supra* at 1210, citing *DeSanti.* In *Shields,* the Seventh Circuit affirmed a grant of summary judgment after concluding that a "confidentiality" right of privacy for matters "outside the family area"[3] was not "clearly estab-

---

**2.** The majority opinion in *Whalen* cited very little in support of this "confidentiality" interest. Justice Powell's concurrence discusses that authority and concludes that there is "no general interest in freedom from disclosure of private information." *Id.* at 608–609, 97 S.Ct. at 881; *see also, National Federation of Federal Employees v. Greenberg,* 983 F.2d 286, 293 (D.C.Cir.1993) (discussing the ambiguity of the Supreme Court's "general" remark and declining to enter this "uncharted terrain.")

**3.** The Supreme Court and the Seventh Circuit have repeatedly held that the right of privacy protects only those rights that are "fundamental" or "implicit in the concept of ordered liberty." *Roe v. Wade,* 410 U.S. 113, 152, 93 S.Ct. 705, 726, 35 L.Ed.2d 147 (1973); *McElrath v. Califano,* 615 F.2d 434, 441 (7th Cir.1980). Such rights include: marriage, procreation, abortion, contraception, family relationships, and child rearing and education. See *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1076).

lished" and therefore the defendants were entitled to the defense of qualified immunity. *Id.* at 1211; *accord, Borucki v. Ryan,* 827 F.2d 836, 844 (1st Cir.1987).[4]

While *Shields* did not expressly adopt the Sixth Circuit's holding in *DeSanti,* its discussion thereof leaves little doubt that the right of privacy (whether sounding in "confidentiality" or "autonomy"), is limited to those rights that are "fundamental" and are "implicit in the concept of ordered liberty." Because the information allegedly disclosed is "far afield" from these fundamental matters, plaintiff's "confidentiality" privacy claim must be dismissed. *Paul v. Davis,* 424 U.S. at 713, 96 S.Ct. at 1166.

Even if the Court were to undertake the balancing test of *Nixon,* there is little doubt that the State's interest in rehabilitating inmates clearly outweighs the inmates' interest in preventing the disclosure of that information to a small group of similarly situated individuals. The defendants' motion for summary judgment must be granted.

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Defendants' motion for summary judgment is **GRANTED;**

2. Plaintiff's motion for summary judgment is **DENIED;** and

3. Case No. 93–C–582 is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

---

4. The defendants have moved for summary judgment on the alternative grounds of qualified im-

munity. Under *Shields,* they would be entitled to such a defense.