**Dianne W. CASSANO, Plaintiff–Appellant,**

v.

**Allen CARB, Arnold Lessor, North Shore Veterinary Surgery, Defendants–Appellees,**

**Twelve John and Jane Does, individually, Defendants.**

Docket No. 04–6712–CV.

United States Court of Appeals, Second Circuit.

Argued: Jan. 12, 2006.

Decided: Jan. 24, 2006.

Dianne W. Cassano, Greenlawn, NY, pro se.

Colleen Martin (Keith J. Frank, on the brief), Perez, Furey & Varvaro, Uniondale, NY, for defendants-appellees Allen Carb, Arnold Lessor, and North Shore Veterinary Surgery.

Before: WINTER, CABRANES, and SACK, Circuit Judges.

PER CURIAM.

Plaintiff Dianne W. Cassano appeals from an order of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge* ) granting defendants' motion to dismiss with prejudice her amended complaint, in which she alleged that defendants violated her rights by firing her after she refused to provide her employer with her Social Security Number ("SSN").

Plaintiff alleged that she "was being placed in dire jeopardy of having her identity stolen" were she to disclose her SSN. She argued to the District Court, as she does on appeal, that her employer's refusal to retain her as an employee unless she revealed her SSN gave rise to causes of action under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, her right to privacy as guaran-

teed by the Fourth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. In an October 12, 2004 Memorandum and Order dismissing the amended complaint, the District Court concluded that plaintiff had failed to state a claim for which relief could be granted.

### The Discrimination Claim

■ Plaintiff's reliance on anti-discrimination statutes is misplaced because defendants' policy of requiring SSNs applied equally to all employees and was also a necessary consequence of defendants' obligations under federal law. As the District Court noted, federal law requires that employers gather and report the SSNs of their employees to aid enforcement of tax and immigration laws. *See, e.g.,* 8 C.F.R. §§ 274a.2(a), (b)(1)(i), 274a.10(b)(2); Immigration Form I–9. Further, the federal statute limiting the disclosure of SSNs contains an explicit provision allowing the collection of SSNs to meet the requirements of other federal laws. 5 U.S.C. § 552a note (exempting from general rule barring government from denying "any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number" denials based on requiring "any disclosure which is required by Federal statute"); *see Green v. Philbrook,* 576 F.2d 440, 442–46 (2d Cir.1978) (rejecting challenge based on Privacy Act of 1974 to state program restricting welfare aid to those who furnish SSNs).

Other federal courts have held that when an employee or job applicant refuses on religious grounds to provide an SSN, employers may fire or refuse to hire him. *See Seaworth v. Pearson,* 203 F.3d 1056, 1057–58 (8th Cir.2000) (dismissing Title VII claim); *Sutton v. Providence St. Jo-*seph Med. Ctr.,* 192 F.3d 826, 830–31 (9th Cir.1999) (same); *see also Yisrael v. Per Scholas, Inc.,* 2004 WL 744485, at *1 (S.D.N.Y. Apr.7, 2004), 2004 U.S. Dist LEXIS 5807, at *2 (dismissing discrimination claim filed on ground that "the use of a Social Security number for [tax] withholding purposes constitutes 'enumeration of flesh,' which the Bible describes as evil"). We agree with the reasoning of our sister circuits and therefore conclude that here—where Cassano has not even alleged a religious basis for refusing to provide an SSN but instead relies on her fear of identity theft—plaintiff's discrimination claim must fail.

### The Constitutional Right to Privacy and Equal Protection Claims

■ We also agree with the District Court's conclusion that the Constitution does not provide a right to privacy in one's SSN.[1] Like the Seventh Circuit and other federal courts to address this question, we decline to expand the constitutional right to privacy to cover the collection of SSNs. *See McElrath v. Califano,* 615 F.2d 434, 441 (7th Cir.1980); *Doyle v. Wilson,* 529 F.Supp. 1343, 1348 (D.Del.1982) (collecting cases supporting proposition that "mandatory disclosure of one's social security number does not so threaten the sanctity of individual privacy as to require constitutional protection").

■ Cassano's claim under the Equal Protection Clause of the Fourteenth Amendment similarly lacks merit. The federally mandated collection of employees' SSNs is neutrally applied, and those who refuse to disclose their SSNs for fear of identity theft do not constitute a protected class for the purpose of equal protection jurisprudence. There is no doubt

---

1. Because we conclude that Cassano's claims do not state a constitutional cause of action, we need not—and do not—discuss whether any defendant is a state actor, a question the District Court found to be "neither simple nor intuitive."

that laws requiring employers to collect SSNs of employees have a rational basis. *See Fitzgerald v. Racing Ass'n of Cent. Iowa,* 539 U.S. 103, 106–07, 123 S.Ct. 2156, 156 L.Ed.2d 97 (2003) (while upholding constitutionality of state law taxing racetrack slot machines and riverboat slot machines at different rates, noting that tax and economic regulations will be reviewed for rational basis); *cf. Charles C. Steward Mach. Co. v. Davis,* 301 U.S. 548, 583–84, 57 S.Ct. 883, 81 L.Ed. 1279 (1937) (upholding Social Security Act against constitutional challenges).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.