

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2007

# McCauley v. Computer Aid Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4089

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"McCauley v. Computer Aid Inc" (2007). *2007 Decisions.* Paper 878.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/878

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4089
_____

JOHN MCCAULEY

vs.

COMPUTER AID, INC.
(E.D. Pa. Civ. No. 06-cv-01620)
_____

JOHN MCCAULEY

vs.

Corporate Officers ANTHONY J. SALVAGGIO, President; WINSLOW S. HILL, Vice
President; NORENE L. SALVAGGIO, Secretary
(E.D. Pa. Civ. No. 06-cv-02612)
John McCauley, Appellant
_____

On Appeal from the Order of the United States
District Court for the Eastern District of Pennsylvania
District Court Judge: Honorable Marvin Katz
_____

Submitted Under Third Circuit LAR 34.1(a)
June 21, 2007
Before: FISHER, ALDISERT and WEIS, CIRCUIT JUDGES

(Filed June 27, 2007)
_____

OPINION
_____

PER CURIAM.

John McCauley, proceeding pro se, filed a civil rights action in the United States District Court for the Eastern District of Pennsylvania against Computer Aid, Inc. after Computer Aid terminated McCauley's employment. McCauley also filed a complaint against Computer Aid's corporate officers, Anthony J. Salvaggio, Winslow S. Hill, and Norene L. Salvaggio (together with Computer Aid, the "Defendants"). The District Court consolidated the actions, and granted the Defendants' motion to dismiss McCauley's complaints. We will affirm.

In both complaints, McCauley alleged that Computer Aid hired him as a Help Desk Analyst on June 4, 2004. The Recruiting Manager, Mrs. Reynolds, helped McCauley complete Computer Aid's employment forms. McCauley asked Reynolds whether he needed to provide his social security number on the forms. Reynolds replied that she did not know, and told McCauley that she would contact him at Computer Aid's client's place of business.

McCauley began training at the client's work site. McCauley alleged that he was issued an identification card several days later, but was then instructed to go home and await further instructions because of a questionable criminal background check. McCauley spoke to Reynolds, who told him that he satisfied the criminal background check, but asked

2

him whether he took his drug-screening test at an authorized testing site. McCauley alleged that he then met with Reynolds. She confirmed that he took the drug-screening test at an authorized site, and told him that he must complete the employment forms. McCauley again asked whether he needed to provide his social security number. Reynolds told McCauley she would contact him later. On June 16, 2004, Reynolds called McCauley, and told him that Computer Aid was terminating his employment because he failed to complete and meet its hiring criteria.

McCauley claimed that the Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., by firing him on account of his national origin (American) and by retaliating against him. McCauley asserted that the Defendants discriminated against him by requiring that he provide his social security number on an I-9 immigration form and a health insurance enrollment form. McCauley also brought various constitutional claims, asserted a violation of his statutory right to privacy, and advanced claims under state law.

The Defendants moved to dismiss the complaints for failure to state a claim upon which relief may be granted. The District Court dismissed McCauley's federal claims, and declined to exercise jurisdiction over his state law claims. The District Court also denied McCauley's motion for reconsideration. This appeal followed. We have jurisdiction under 28 U.S.C. § 1291. Our standard of review is plenary. Curay-Cramer v. Ursuline Academy, 450 F.3d 130, 133 (3d Cir. 2006).

Although McCauley asserted violations of Title VII in the first two counts

3

of his complaint, he does not address these claims on appeal. To the extent McCauley still seeks to pursue these claims, his complaint does not state a prima facie case for national origin discrimination. Even assuming McCauley alleged facts that, if true, established that he is a member of a protected class and qualified to perform his job, he did not plead facts showing that he was fired under circumstances that give rise to an inference of unlawful discrimination. See Waldron v. SL Industries, Inc., 56 F.3d 491, 494 (3d Cir. 1995) (setting forth elements of a prima facie case of discrimination). McCauley does not contend that he was fired because he is American, but because he refused to provide his social security number on his employment forms, a requirement he acknowledges was imposed on all of Computer Aid's employees. See Appendix at 245-46, 259; Appellant's Br. at 22-3.

Other courts of appeals have rejected similar discrimination claims, noting that federal law requires employers to collect social security numbers to aid enforcement of tax and immigration laws, and that these requirements apply to all employees. See, e.g., Cassano v. Carb, 436 F.3d 74, 75 (2d Cir. 2006) (holding that employee who was fired for refusing to provide her social security number to her employer for fear of identity theft failed to state a claim under anti-discrimination statutes). McCauley primarily argues on appeal that Computer Aid was not legally required to obtain his social security number as a condition of his employment. Even if true, McCauley's allegations

4

do not support a conclusion that he was fired on account of his national origin.[1]

McCauley also failed to state a claim for a violation of his constitutional right to privacy or his right to equal protection under the law.[2] Requiring disclosure of a social security number does not so threaten the sanctity of individual privacy as to require constitutional protection. See Cassano, 436 F.3d at 75; McElrath v. Califano, 615 F.2d 434, 441 (7th Cir. 1980). In addition, McCauley has not alleged that the Defendants treated him differently from those similarly situated to him for purposes of an equal protection claim. See Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990). He only contends that Computer Aid's foreign employees need not provide a social security number as a condition of employment. See also Cassano, 436 F.3d at 75-6 (rejecting equal protection claim because the collection of social security numbers is neutrally applied, those who refuse to disclose their numbers for fear of identify theft are not a protected class, and the laws requiring the collection of social security numbers have a

---

[1] Similarly, McCauley did not allege facts that, if true, established that he engaged in a protected activity for purposes of a retaliation claim. See Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006) (noting that an employee must hold an objectively reasonable belief that an activity he opposes is unlawful under Title VII).

[2] McCauley brought his claims under 42 U.S.C. § 1983. The District Court concluded that the Defendants did not act under color of state law. We do not address whether the Defendants were state actors because, as discussed below, we agree that McCauley was not deprived of rights, privileges, or immunities secured by the Constitution or federal law. See Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (stating requirements for § 1983 action). For the same reason, we do not address whether McCauley established federal action necessary for a Bivens action, asserted in count five of his complaint against Computer Aid and count three of his complaint against the corporate officers.

rational basis).

We further conclude, for substantially the reasons stated by the District Court, that McCauley failed to state a claim under the Privacy Act of 1974, 18 U.S.C. §§ 241 and 242, or 42 U.S.C. §§ 1985(3) and 1986. Finally, the District Court did not err in declining to exercise jurisdiction over McCauley's state law claims, nor did it abuse its discretion in denying McCauley's motion for reconsideration. Accordingly, we will affirm the orders of the District Court.