**John MCCAULEY, Petitioner**

**v.**

**TATE & KIRLIN ASSOCIATES, INC.**

**No. 09–2291.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Oct. 5, 2009.

Opinion Filed: Oct. 6, 2009.

See also 242 Fed.Appx. 810.

John McCauley, Philadelphia, PA, pro se.

Todd A. Lasky, Esq., Zavodnick & Zavodnick, Philadelphia, PA, for Respondent.

Before: McKEE, HARDIMAN and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

John McCauley petitions for review of an order of the Office of the Chief Administrative Hearing Officer ("OCAHO") entering summary judgment against him on his claims of citizenship-status discrimination under 8 U.S.C. § 1324b. We will deny his petition.

### I.

Tate & Kirlin Associates, Inc. ("Tate & Kirlin") hired McCauley as an account collector. On his first day of work, he refused to disclose his social security number on a form I–9 and refused to present a copy of his social security card, as a Tate & Kirlin representative earlier had instructed him he would have to do. Instead, he produced his birth certificate and passport. After some discussion between McCauley and certain Tate & Kirlin representatives about whether McCauley was legally required to disclose his social security number or present a social security card, a Tate & Kirlin representative told McCauley that he would be terminated if he refused to do so. McCauley again refused and threatened to sue if Tate & Kirlin terminated him, which it then did.

Thereafter, McCauley filed a complaint with the Special Counsel for Immigration–Related Unfair Employment Practices pursuant to 8 U.S.C. § 1324b(c).[1] McCau-

---

1. McCauley previously had been terminated    by a different employer for refusing to dis-

ley, who is and all his life has been a United States citizen, alleged that Tate & Kirlin discriminated against him on the basis of his citizenship in violation of 8 U.S.C. § 1324b(a). After the Special Counsel notified McCauley pursuant to 8 U.S.C. § 1324b(d)(2) of his right to bring a private action, McCauley filed a complaint with the OCAHO. He alleged that Tate & Kirlin: (1) terminated him because he is a United States citizen in violation of § 1324b(a)(1)(B); (2) committed so-called "document abuse" by failing to accept his proffered documents as proof of citizenship, again with the intent to discriminate against him because of his United States citizenship, in violation of § 1324b(a)(6); and (3) intimidated him and retaliated against him in violation of § 1324b(a)(5) by terminating him after he threatened to sue.

After a period of discovery, Tate & Kirlin filed a motion for summary judgment under 28 C.F.R. § 68.38. The Administrative Law Judge ("ALJ") granted the motion by order entered March 5, 2009. McCauley petitions for review.[2]

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1324b(i)(1). We exercise plenary review over the ALJ's application of the federal summary judgment standard, though we give deference to "an agency's reasonable construction of a statute it is charged with administering." *Getahun v. Office of the Chief Admin. Hearing Officer*, 124 F.3d 591, 594 (3d Cir.1997). Our review confirms that the ALJ thoroughly and accurately explained why Tate & Kirlin was entitled to summary judgment on each of McCauley's three claims, and we will deny this petition for the reasons already adequately explained in her opinion.

In sum, McCauley's first two claims required him to come forward with some evidence that, in terminating him and refusing to accept his passport and birth certificate in lieu of a social security card, Tate & Kirlin acted with the intent to discriminate against him because he is a United States citizen. *See* 8 U.S.C. §§ 1324b(a)(1)(B) & (a)(6); *United States v. Diversified Tech. & Servs. of Va., Inc.*, 9 OCAHO 1095, *available at* 2003 WL 21130616, at *5, 10–11 (O.C.A.H.O.2003). We agree that McCauley came forward with no such evidence. Instead, his evidence showed only that Tate & Kirlin terminated him because he refused to disclose his social security number, not because he is a United States citizen.[3]

close his social security number. He sued that employer in federal court under Title VII and several other statutory and constitutional provisions. The District Court dismissed his complaint under Rule 12(b)(6), and we affirmed. *See McCauley v. Computer Aid, Inc.*, 242 Fed.Appx. 810 (3d Cir.2007).

2. McCauley also filed a motion for a "declaratory judgment" that he was not legally obligated to provide his social security number. The ALJ, noting that the OCAHO rules codified at 28 C.F.R. §§ 68.1–68.58 make no provision for the issuance of declaratory judgments, nevertheless discussed the substance of McCauley's motion and declined to issue the declaration. McCauley has not directly challenged that ruling in his briefs, and we thus do not address it. To the extent that his briefs can be read to challenge the ALJ's

discussion of the issues he raised in that motion, his arguments are irrelevant to the issues on appeal for the reasons discussed below.

3. McCauley devotes much of his brief to arguing that he was not required to disclose his social security number, and he claims that he in fact disclosed it on his employment application. Those arguments are of no moment. Section 1324b prohibits only discrimination on the basis of citizenship or immigration status. Thus, even if McCauley's arguments are true, and even if Tate & Kirlin somehow was mistaken in requiring his social security number or terminating him for refusing to provide it (all issues on which express no opinion), Tate & Kirlin's actions were not in violation of this statute. While we thus need not address McCauley's arguments regarding

McCauley's final claim required him to show that Tate & Kirlin terminated him because of a threat to file a charge under § 1324b. *See* 8 U.S.C. § 1324b(a)(5) (prohibiting interference with "any right or privilege secured *under this section*" and retaliation for filing a charge "*under this section*") (emphasis added); *Arres v. IMI Cornelius Remcor, Inc.*, 333 F.3d 812, 813–14 (7th Cir.2003) (explaining that this prohibition "is limited to complaints and charges regarding … the subject of § 1324b"); *Yohan v. Central State Hosp.*, 4 OCAHO 593, *available at* 1994 WL 269185, at *7 (O.C.A.H.O.1994) (same). As the ALJ correctly explained, McCauley admitted at his deposition that he never threatened to file a charge against Tate & Kirlin under this statute, and did not even know himself where he would file a claim at the time he threatened to sue. (A.R. 250–52.) Moreover, McCauley does not claim that he ever told Tate & Kirlin that he believed it was discriminating against him because he is a United States citizen, and he acknowledged that a Tate & Kirlin representative told him that he would be terminated for refusing to present a social security card even before McCauley issued his vague threat to file a complaint. (*Id.*)

Accordingly, we will deny the petition for review.

social security numbers and the employment verification process, we refer him to our discussion of those issues in his previous appeal. *See McCauley*, 242 Fed.Appx. at 812–13. McCauley also makes repeated reference to the affidavit of Dalreese Holman, which he claims the ALJ wrongfully failed to credit. Mr. Holman's affidavit, however, contains nothing suggesting that Tate & Kirlin terminated McCauley because he is a United States citizen (A.R.109), and neither does any other evidence of record.