Lowman v. NVI LLC

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand twenty.

PRESENT:  REENA RAGGI,
              RAYMOND J. LOHIER, JR.,
              STEVEN J. MENASHI,
                    *Circuit Judges*.

---------------------------------------------------------------

ROBERT LOWMAN, JR.,

        *Plaintiff-Appellant*,

    v.                          No. 19-3149

NVI LLC,

        *Defendant-Appellee*.

---------------------------------------------------------------

FOR PLAINTIFF-
APPELLANT:                                              Robert Lowman Jr., *pro se*,
                                                         Lawtons, NY.


FOR DEFENDANT-
APPELLEE:                                               Riane Lafferty, James J.
                                                         Rooney, Bond, Schoeneck &
                                                         King, PLLC, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Robert Lowman, Jr. appeals from a September 4, 2019 judgment of the United States District Court for the Western District of New York (Vilardo, J.) dismissing his complaint for failure to state a claim under the Privacy Act, 5 U.S.C. § 552, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. Lowman alleged that the defendant, NVI LLC, violated his rights under both statutes by refusing to hire him after he declined to provide NVI with his Social Security Number (SSN). Lowman also challenges the District Court's denial of his request to amend his complaint. We assume the parties' familiarity

2

with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

The Privacy Act provides that it is "unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number." Federal Privacy Act, § 7(a), Pub. L. No. 93-579, 88 Stat. 1896, 1909 (contained as amended in 5 U.S.C. § 552a (note)). On appeal, Lowman argues that NVI is a "government agency" covered by the Privacy Act because it collects taxes on behalf of state and federal governments, provides information about its employees to the government, and is created under the laws of the State of Georgia. We disagree. The Privacy Act defines "government agency" to "mean[] agency as defined in [the Freedom of Information Act]." 5 U.S.C. § 552a(a)(1). Under this definition, an agency "includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . . or any independent regulatory agency." 5 U.S.C. § 552(f). It does not include within its definition private companies such as NVI. See Burch

3

v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 124-25 (2d Cir. 2008). For the same reasons, the District Court also properly denied Lowman's request to amend his complaint and to expand his argument that NVI is a government agency. See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (granting leave to amend a complaint is not required when doing so would be futile).

We turn next to Lowman's Title VII claim of religious discrimination. To survive a motion to dismiss, a plaintiff asserting a Title VII discrimination claim must plausibly allege two elements: "(1) the employer discriminated against him (2) because of his race, color, religion, sex, or national origin." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015). Though the burden is minimal, the "well-pleaded factual allegations [must] plausibly give rise to an inference of unlawful discrimination." Id. at 87 (emphasis in original). In a case involving alleged religious discrimination, a plaintiff may satisfy this burden by plausibly alleging that he or she "actually requires an accommodation of [his or her] religious practice" and that "the employer's desire to avoid the prospective accommodation [was] a motivating factor in [an employment] decision." E.E.O.C. v. Abercrombie & Fitch Stores, Inc., 135 S. Ct. 2028, 2033

4

(2015). At the same time, an employer does not ultimately violate Title VII if the prospective accommodation "would cause the employer to suffer an undue hardship." Cosme v. Henderson, 287 F.3d 152, 158 (2d Cir. 2002).

We agree with the District Court that Lowman's complaint failed to state a Title VII claim of religious discrimination. The complaint attaches and incorporates a letter from the Social Security Administration (SSA) that explains:

> [a] person must furnish an SSN to any other person or institution (such as an employer or a bank) that must provide the Internal Revenue Service (IRS) information about payments to that person. There are penalties for failure to do so. The IRS also requires employers to report the SSN with employees' earnings.

Special App'x 28. We conclude that NVI's SSN disclosure policy is thus mandated by federal law, which "requires that employers gather and report the SSNs of their employees to aid enforcement of tax and immigration laws." Cassano v. Carb, 436 F.3d 74, 75 (2d Cir. 2006) (explaining that the plaintiff's "reliance on anti-discrimination statutes is misplaced because defendants' policy of requiring SSNs applied equally to all employees and was also a necessary consequence of defendants' obligations under federal law"). Because NVI's SSN disclosure policy is mandated by federal law, NVI cannot depart from the policy

to accommodate Lowman without suffering an undue hardship. "Requiring defendants to violate the Internal Revenue Code and subject themselves to potential penalties by not providing [an employee's] SSN on information returns results in undue hardship." Seaworth v. Pearson, 203 F.3d 1056, 1057 (8th Cir. 2000); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 830–31 (9th Cir. 1999); Yisrael v. Per Scholas, Inc., No. 01-CIV-8290, 2004 WL 744485, at *3 (S.D.N.Y. Apr. 7, 2004); see also Cassano, 436 F.3d at 75 (noting that "[w]e agree with the reasoning" of Seaworth, Sutton, and Yisrael). Accordingly, Lowman's Title VII claim was properly dismissed. See Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd., 620 F.3d 137, 145 (2d Cir. 2010) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) ... if the defense appears on the face of the complaint.") (quotation marks omitted).

We have considered Lowman's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6